IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL M. BARLEY, #260 262, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:13-CV-534-WHA |
| | ) [WO] |
| DISTRICT ATTORNEY RANDALL | ) |
| V. HOUSTON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this *pro se* 42 U.S.C. § 1983 complaint on July 23, 2013.[1] He files this action against District Attorney Randall Houston and Assistant District Attorney Mandy Johnson alleging that rights, privileges, or immunities afforded hin under the Constitution or laws of the United States were abridged by Defendants' failure to investigate Plaintiff's allegation that he was physically and sexually assaulted by an employee of the Alabama Department of Corrections and by their failure to bring criminal charges against the alleged perpetrator.[2] Plaintiff requests trial by jury, costs and fees, and damages based on

---

[1] Although the present complaint was stamped "filed" in this court on July 25, 2013, the complaint was signed by Plaintiff on July 23, 2013. A *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Barley] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers July 23, 2013, as the date of filing.

[2] At the time Plaintiff filed the instant complaint, he was incarcerated at the Draper Correctional Facility. Since filing the complaint, Plaintiff has been released from prison.

Defendants' failure to prosecute the correctional employee in relation to the alleged physical and sexual assault.[3]

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).

## I. DISCUSSION

Plaintiff alleges in the instant complaint that on August 17, 2009, Correctional Officer Leroy Jamison, Jr., physically and sexually assaulted him during a pat down search. Plaintiff contacted the Alabama Department of Corrections' internal investigative unit and various prison officials about the incident. He subsequently filed § 1983 complaints against various medical and correctional personnel, including, Officer Jamison, regarding the matter. *See Barley v. Jamison, et al.*, Civil Action No. 2:11-CV-1036-WKW (M.D. Ala.); *see also Barley v. Allen, et al.*, Civil Action No. 2:10-CV-989-WKW (M.D. Ala.). Plaintiff also sent Elmore County District Attorney Randall Houston a letter requesting that he investigate the allegations against Correctional Officer Jamison as well as file criminal charges against him. By letter dated February 1, 2011, Elmore County Assistant Attorney General Mandy Johnson indicated the State's understanding that Plaintiff had already instituted a civil suit against Officer Jamison alleging a civil rights violation along with sexual assault and battery claims.

---

[3] The court notes that Plaintiff does not have a constitutional right to see his alleged persecutors punished for their conduct. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Leeke v. Timmerman*, 454 U.S. 83 (1981).

Defendant Johnson went on to inform Plaintiff that it was the State's position this his civil rights action was sufficient for vindicating any rights he felt Officer Jamison violated based on the guard's alleged conduct. Accordingly, Defendant Johnson concluded her letter by advising Plaintiff that the State would not pursue a criminal charge(s) against Officer Jamison nor implement a criminal investigation against him. Plaintiff brings the instant § 1983 complaint arguing that Defendants' failure to investigate and charge Officer Jamison in relation to the alleged physical and sexual assault in question violated his Fourteenth Amendment rights to due process and equal protection, violated his First Amendment right to access the court, violated the Americans with Disabilities Act, violated the Defendants' oath of office by not representing the rights their citizens, and denied him the opportunity to bring criminal charges against Officer Jamison.  *Court Doc. No. 1 and Exh. F*.

Plaintiff's complaint against Defendants Houston and Johnson is filed outside the applicable statute of limitations. While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983. *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Burnett v. Grattan*, 468 U.S. 42 (1984).

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406. 1409 (11th Cir. 1985). . . . Alabama law [ ] provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v . Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala.1981).

3

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994).  Alabama's general two year statute of limitations for personal injury actions is the most applicable to the case at bar.  *Ala. Code* § 6-2-38(l).  *See Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992).

Although the state statute of limitations applies, the time of accrual of the action is a federal question.  *See Cox v. Stanton*, 529 F.2d 47, 49-50 (4th Cir. 1975).  The running of the statute of limitations begins when Plaintiff knows or has reason to know of his injury.  (*Id.*).

Here, Plaintiff should have known of his injury in February of 2011 when Defendant Johnson notified him that the State declined to pursue criminal charges against Officer Jamison or implement a criminal investigation.  Plaintiff failed to file the instant complaint until more than two years after said time period thus it is clear that the statute of limitations now bars consideration of his claim.  This claim is, therefore, subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).  *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) (in an action proceeding under § 1983, the court may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).[4]

---

[4] Even if Plaintiff had timely filed his complaint, it would be still be subject to dismissal under 28 U.S.C. § 1915(e). First, Defendants Houston and Johnson are "entitled to absolute immunity for all actions [they] take[] while performing [their] function[s] as [] advocate[s] for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). The prosecutorial function includes the initiation and pursuit of

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) as it is not filed within the time prescribed by the applicable period of limitations;

2. This case be DISMISSED prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that **on or before December 9, 2013**, Plaintiff may file an objection to the Recommendation. Any objection filed must clearly identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

---

criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998). This immunity is applicable even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *accord*, *Prince v. Wallace*, 568 F.2d 1176, 1178-79 (5th Cir. 1978). Additionally, Plaintiff's challenge based on Defendants' failure to prosecute a third party for a criminal offense fails to allege a legally cognizable injury. This is because a "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Leeke v. Timmerman*, 454 U.S. 83 (1981).

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 19th day of November 2013.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE